# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY CONNELLY,<br><br>        Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>        Defendant. | Case No. 1: 21-cv-00746-DAD-SAB<br><br>**SCHEDULING ORDER (Fed. R. Civ. P 16)**<br><br>**Amendment and Discovery Deadlines:**<br>    Amendment of Pleadings: September 17, 2021<br>    Pre-Certification Discovery: December 17, 2021<br><br>**Class Certification Deadlines:**<br>    Motion Filing: January 18, 2022<br>    Opposition: March 1, 2022<br>    Reply: March 22, 2022<br>    No Hearing Shall Be Set |

### I. **Date of Scheduling Conference**

The Scheduling Conference was held on June 24, 2021.

### II. **Appearances of Counsel**

Simon Yang appeared via video on behalf of Plaintiff.

Gregory Knopp appeared via video on behalf of Defendant.

### III. **Consent to Magistrate Judge**

The parties have not consented to magistrate jurisdiction. Pursuant to 28 U.S.C. § 636(c), to the parties who have not consented to conduct all further proceedings in this case, including trial, before United States Magistrate Judge Stanley A. Boone, you should be informed that because of the pressing workload of United States district judges and the priority of criminal cases under the United States Constitution, you are encouraged to consent to magistrate judge

jurisdiction in an effort to have your case adjudicated in a timely and cost effective manner. Any criminal trial set which conflicts with the civil trial will take priority, even if the civil trial was set first. Continuances of civil trials under these circumstances may no longer be entertained, absent a specific and stated finding of good cause, but the civil trial may instead trail from day to day or week to week until the completion of either the criminal case or the older civil case. The parties are advised that they are free to withhold consent or decline magistrate jurisdiction without adverse substantive consequences.

**IV.     Initial Disclosure under Fed. R. Civ. P. 26(a)(1)**

The parties proffer a deadline of June 17, 2021 to complete initial disclosures required by Fed. R. Civ. P. 26(a)(1), a deadline that has already passed. The Court presumes all initial disclosures have been completed without issue.

**V.     Amendments to Pleading**

Any motions or stipulations requesting leave to amend the pleadings must be filed by no later than **September 17, 2021**. The parties are advised that filing motions and/or stipulations requesting leave to amend the pleadings does not reflect on the propriety of the amendment or imply good cause to modify the existing schedule, if necessary. All proposed amendments must (A) be supported by good cause pursuant to Fed. R. Civ. P. 16(b) if the amendment requires any modification to the existing schedule, *see* Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992), and (B) establish, under Fed. R. Civ. P. 15(a), that such an amendment is not (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or (4) futile, *see* Foman v. Davis, 371 U.S. 178, 182 (1962).

**VI.     Class Certification**

The parties have agreed to a phased approach to this action. This first phase shall relate to class certification. Motions for class certification shall be filed on or before **January 18, 2021**. An opposition brief shall be due **March 1, 2022**, and a reply brief shall be due **March 22, 2022**. The motion for class certification will be taken under submission by the District Judge, and no hearing date will be set at this time.

///

## VII. Discovery Plan and Cut-Off Dates

The parties are ordered to complete all pre-certification discovery on or before **December 17, 2021**.

The provisions of Fed. R. Civ. P. 26(e) regarding a party's duty to timely supplement disclosures and responses to discovery requests will be strictly enforced.

The parties are cautioned that the discovery cut-off deadlines are the dates by which all discovery must be completed. Absent good cause, discovery motions will not be heard after the discovery deadlines. Moreover, absent good cause, the Court will only grant relief on a discovery motion if the relief requested requires the parties to act before the expiration of the relevant discovery deadline. In other words, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadlines to permit time for a response, time to meet and confer, time to prepare, file and hear a motion to compel and time to obtain relief on a motion to compel. Counsel are expected to take these contingencies into account when proposing discovery deadlines. Compliance with these discovery cutoffs requires motions to compel be filed *and heard* sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

## VIII. Pre-Trial Motions

Unless prior leave of Court is obtained at least seven (7) days before the filing date, all moving and opposition briefs or legal memorandum in civil cases shall not exceed twenty-five (25) pages. Reply briefs filed by moving parties shall not exceed ten (10) pages. Before scheduling any motion, the parties must comply with all requirements set forth in Local Rule 230 and 251.

### A. Non-Dispositive Pre-Trial Motions

As noted, all pre-certification discovery, including motions to compel, shall be completed no later than **December 17, 2021.** Compliance with these discovery cutoffs requires motions to compel be filed *and heard* sufficiently in advance of the discovery cutoff so that the Court may grant effective relief within the allotted discovery time. A party's failure to have a discovery

dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely. Non-dispositive motions are heard on Wednesdays at 10:00 a.m., before United States Magistrate Judge Stanley A. Boone in Courtroom 9.

In scheduling any non-dispositive motion, the Magistrate Judge may grant Applications for an Order Shortening Time pursuant to Local Rule 144(e). However, if counsel does not obtain an Order Shortening Time, the Notice of Motion must comply with Local Rule 251.

Counsel may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than three (3) court days before the noticed hearing date. In the event that more than one attorney requests to appear by telephone, then it shall be the obligation of the moving party(ies) to arrange and originate a conference call to the court.

*Discovery Disputes:* If a motion is brought under Fed. R. Civ. P. 37, the parties must prepare and file a Joint Statement re Discovery Disagreement ("Joint Statement") as required by Local Rule 251. The Joint Statement must be filed seven (7) calendar days before the scheduled hearing date. Courtesy copies of all motion-related documents, declarations, and exhibits must be delivered to the Clerk's Office by 10:00 a.m. on the fourth court day prior to the scheduled hearing date. Motions will be removed from the court's hearing calendar if the Joint Statement is not timely filed or if courtesy copies are not timely delivered. In order to satisfy the meet and confer requirement set forth in Local Rule 251(b), the parties must confer and talk to each other in person, over the telephone or via video conferencing before the hearing about the discovery dispute. The Court may issue sanctions against the moving party or the opposing party if either party fails to meet and confer in good faith.

### IX. **Pre-Trial Conference and Trial Date**

The pre-trial conference and trial date shall be addressed following completion of the pre-certification phase.

### X. **Settlement Conference**

Should the parties desire a settlement conference, they will jointly request one of the Court, and one will be arranged. In making such request, the parties are directed to notify the

Court as to whether or not they desire the undersigned to conduct the settlement conference or to arrange for one before another judicial officer.

### XI. Related Matters Pending

The parties proffer there are several other pending class actions with overlapping allegations, including: Brekke v. Starbucks Corp., Northern District of California Case No. 21-cv-00751-JD; Valdez v. Starbucks Corp., Riverside County Superior Court Case No. PSC1908409; Harisis v. Starbucks Corp., Los Angeles County Superior Court Case No. 20STCV11290; Turner v. Starbucks Corp., Placer County Superior Court Case No. S-CV-0045163.

### XII. Compliance with Federal Procedure

All counsel are expected to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of California.

Additional requirements and more detailed procedures for courtroom practice before United States Magistrate Judge Stanley A. Boone can be found at the United States District Court for the Eastern District of California's website (www.caed.uscourts.gov) under Judges; United States Magistrate Judge Stanley A. Boone (SAB). In the area entitled "Case Management Procedures," there is a link to "Standard Information." All parties and counsel shall comply with the guidelines set forth therein.

### XIII. Effect of this Order

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**Stipulations extending the deadlines contained herein will not be considered unless**

**they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested. The parties are advised that due to the impacted nature of civil cases on the district judges in the Eastern District of California, Fresno Division, that stipulations to continue set dates are disfavored and will not be granted absent good cause.**

**Lastly, should counsel or a party appearing pro se fail to comply with the directions as set forth above, an ex parte hearing may be held and contempt sanctions, including monetary sanctions, dismissal, default, or other appropriate judgment, may be imposed and/or ordered.**

IT IS SO ORDERED.

Dated: __June 24, 2021__

UNITED STATES MAGISTRATE JUDGE