# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY CONNELLY,<br><br>          Plaintiff,<br><br>     v.<br><br>STARBUCKS CORPORATION,<br><br>          Defendant. | Case No. 1:21-cv-00746-DAD-SAB<br><br>ORDER DISCHARGING MARCH 1, 2022 ORDER TO SHOW CAUSE AND SETTING DEADLINE FOR MOTION TO AMEND<br><br>(ECF Nos. 8, 9, 10) |

      The parties appeared on June 24, 2021, for the mandatory scheduling conference. (ECF No. 6.) Thereafter, the Court issued an order addressing the class certification schedule. (ECF No. 7.) Pursuant to the scheduling order, the deadline for amendments was set for September 17, 2021; the deadline for pre-certification discovery was set for December 17, 2021; and the class certification motion filing deadline was set for January 18, 2022, with an opposition due March 1, 2022, and a reply due March 22, 2022. (Id.) No other deadlines in this case were set. (See id.) As of March 1, 2022, no briefings, requests for extensions, status reports, or other potential filings had been submitted. Accordingly, the Court issued an order to show cause why this matter should not be dismissed for failure to comply with the June 24, 2021 order, and failure to prosecute. (ECF No. 8.) Plaintiff was directed to show cause in writing within five days of issuance of the order or face the imposition of sanctions.

On March 3, 2022, Plaintiff filed a response to the order to show cause. (ECF No. 9.) Plaintiff's counsel apologized to the Court "for any noncompliance" with the Court's orders. Further, Plaintiff proffers the reason no class certification motion was filed is because Plaintiff intends to litigate non-class action claims only. To that end, Plaintiff apologized to the Court for failing to voluntarily dismiss the class allegations from the first cause of action and inform the Court of her intent to proceed in the litigation on an individual basis only. Further, Plaintiff requested the Court permit her to dismiss the class allegations and, in a footnote, indicated her willingness to submit a motion to amend pursuant to Federal Rule of Civil Procedure 15 and/or a motion to modify the scheduling order.

To be clear, Plaintiff unquestionably failed to comply with the Court's orders. What is less clear, however, is why it did not occur to Plaintiff's counsel to notify the Court as to Plaintiff's intention to convert the instant class action into an individual case.[1] The scheduling order plainly provides deadlines only pertaining to the filing of a class certification motion and no other litigation deadlines. To that point, it is also unclear to the Court whether Plaintiff has pursued this litigation with any diligence, absent the setting of any general discovery or pretrial deadlines. Plaintiff's attempt to dismiss class allegations or seek leave to amend the complaint nearly six months after the deadline for amendments has passed, in a response to the Court's order to show cause rather than a properly-noticed motion, is not well-taken.[2] However, the Court is sufficiently satisfied that Plaintiff has responded to its order to show cause and shall discharge the order to show cause.

The Court additionally notes that on March 4, 2022, Defendant Starbucks Corporation filed a status report in response to Plaintiff's response to the order to show cause. (ECF No. 10.) The status report highlights Defendant's anticipated next steps following the dismissal of Plaintiff's

---

[1] The Court notes Plaintiff's counsel also fails to indicate whether he has met and conferred with defense on the proposed dismissal of class allegations and whether Defendant is amenable to the dismissal.

[2] Plaintiff's attempt to indicate dismissal of claims at this juncture would be inappropriate based on the Central District case Ramirez v. C&J Well Serv., Inc., No. CV 20-535 PSG (SSx), 2020 WL 6802021 (C.D. Cal. Nov. 19, 2020) is also not well-taken. Ramirez, which renders a decision relating to the plaintiff's class action allegations pursuant to a *properly-noticed motion for remand and extensive briefing by the parties on the issues*, is entirely inapposite to the instant matter, which is currently before the Court on Plaintiff's response to an order to show cause for failure to prosecute. Canela v. Costco Wholesale Corporation is similarly inapposite here, as the Ninth Circuit's ruling pertains to the issue of CAFA jurisdiction, as was raised by the parties in fully-briefed motions *after* the plaintiff had "*notified the court* she no longer planned to seek class status." Canela, 971 F.3d 845, 848 (9th Cir. 2020) (emphasis added).

putative class claims, which includes moving for summary judgment or alternatively moving to strike Plaintiff's representative claim for civil penalties under the Private Attorneys General Act (PAGA).

Finally, the Court notes Defendant's status report suggests Defendant will not oppose Plaintiff's anticipated motion to amend.  Nonetheless, if Plaintiff wishes to amend the complaint, she must seek leave to do so by way of a properly-noticed motion or through stipulation.  As previously noted, pursuant to the June 24, 2021 scheduling order, any motion requesting to file an amended complaint was to be filed no later than September 17, 2021. (ECF No. 7.)  The scheduling order further requires all proposed amendments to be supported by good cause under Fed. R. Civ. P. 16(b) if the amendment requires modification to the existing schedule, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992), and establish under Fed. R. Civ. P. 15(a) that such amendment is not: (1) prejudicial to the opposing party, (2) the product of undue delay, (3) proposed in bad faith, or (4) futile, Foman v. Davis, 371 U.S. 178, 182 (1962).  (ECF No. 21 at 2.)  Alternatively, to the extent Plaintiff intends to seek leave to amend via stipulated request, Plaintiff is cautioned that stipulations requesting leave to amend the pleadings do not reflect on the propriety of the amendment or imply good cause to modify the existing schedule; therefore, if the parties submit a stipulated request to amend, the stipulation must additionally establish good cause exists to modify the scheduling order.

Regardless, at this time, the Court notes no motions have been filed nor have the parties sought to modify the schedule with its current deadlines pertaining to the motion for class certification.  Therefore, it remains unclear to this Court how the parties intend to proceed in this matter.  Thus, the Court directs the parties to meet and confer as to their anticipated motions and scheduling concerns and file an appropriate motion or stipulation forthwith.  Based on the parties' filing, the Court may thereafter set a status conference to address the parties' remaining deadlines.

Accordingly, IT IS HEREBY ORDERED that the March 1, 2022 order to show cause (ECF No. 8) is DISCHARGED.  IT IS FURTHER ORDERED that the parties shall meet and confer as directed herein and file the appropriate motion or stipulation **within twenty-one (21) days** of the date of issuance of this order.  Failure to comply with this order may result in the issuance of

sanctions.

IT IS SO ORDERED.

Dated: **March 7, 2022**

UNITED STATES MAGISTRATE JUDGE