DIVERSITY LAW GROUP, P.C.
Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
Simon L. Yang (State Bar No. 260286)
sly@diversitylaw.com
515 South Figueroa Street, Suite 1250
Los Angeles, California 90071
Telephone: (213) 488-6555
Facsimile:  (213) 488-6554

POLARIS LAW GROUP
William L. Marder (State Bar No. 170131)
bill@polarislawgroup.com
501 San Benito Street, Suite 200
Hollister, California 95023
Telephone: (831) 531-4214
Facsimile:  (831) 634-0333

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KERRY CONNELLY, as an individual and as a private attorney general,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STARBUCKS CORPORATION, a Washington corporation; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No. 1:21-cv-00746-DAD-SAB<br><br>**SECOND AMENDED REPRESENTATIVE ACTION COMPLAINT**<br><br>**(1) Inaccurate Itemized Wage Statements (Lab. Code § 226(a)); and**<br>**(2) Penalties for Labor Code Violations (Lab. Code §§ 2698 et seq.)**<br><br>**DEMAND OVER $25,000.00** |

Plaintiff, Kerry Connelly, as an individual and as a proxy for the State of California, submits this Second Amended Representative Action Complaint (the "Complaint") against Defendant, Starbucks Corporation, and Does 1 through 50 (collectively, "Defendants").

**INTRODUCTION**

1. Pursuant to the Labor Code Private Attorneys General Act of 2004, Labor Code §§ 2698 *et seq.* ("PAGA"), this representative action challenges systemic employment practices resulting in violations of the California Labor Code against individuals who worked for Defendants. The Complaint addresses Defendants' violations of Labor Code section 226 and seeks penalties and other relief.[1]

2. Plaintiff is informed and believes that Defendants have jointly and severally acted intentionally and with deliberate indifference and conscious disregard to the rights of employees by failing to provide accurate itemized wage statements that show the name of the legal entity that is the employer or the total hours worked. First, Defendants fail to furnish Plaintiff and all other employees with wage statements that itemize and show the name of the legal entity that is the employer. Instead, the wage statements show an address only, without the name of a legal entity. Second, whenever shift differential wages or other non-"regular time" wages are paid to Plaintiff and other non-exempt employees, Defendants fail to furnish Plaintiff and non-exempt employees with wage statements that itemize and show the total hours worked. Instead, the "gross hours" shown on the wage statements itemize an inaccurate number of hours. Moreover, when the hours shown on the wage statements are added up, the sum also does not equal the total hours worked.

3. The Labor Code is broadly remedial in nature. Its laws serve an important public interest in establishing minimum working conditions and requirements in California. These labor standards protect employees from onerous terms and conditions of employment or exploitation by employers who have superior economic and bargaining power. Plaintiff is informed and believes that Defendants have engaged in, among other things, a system of willful violations of the Labor Code by creating and maintaining policies, practices, and customs that knowingly deny its employees the above stated rights and benefits.

---

[1] Except as otherwise noted, all "Section" references are to the Labor Code.

4. Defendants' pattern, practice, and uniform administration of corporate policy in violation of the Labor Code is unlawful. Proof of a common business practice or factual pattern will establish the rights of Plaintiff and aggrieved employees under Section 226, applicable IWC Wage Orders, and Code of Civil Procedure section 1021.5, among other provisions, to recover applicable penalties, reasonable attorneys' fees, and costs of suit.

5. Plaintiff is informed and believes that Defendants have engaged in, among other things, a system of willful violations of the Labor Code by creating and maintaining policies, practices, and customs that knowingly deny its employees the above stated rights and benefits.

## JURISDICTION AND VENUE

6. Pursuant to the notice of removal filed by Defendant, this Court has jurisdiction under 28 U.S.C. §§ 1332. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and pursuant to 28 U.S.C. § 84(b) as Defendants conducted business in the County of Stanislaus.

## PARTIES

7. In or about October of 2017 Plaintiff began working for Defendants. Until her employment ended in or about October of 2020, Plaintiff was paid on an hourly basis as a non-exempt employee. Plaintiff was furnished wage statements that itemized and showed an address only, without the name of a legal entity that would be the employer. Whenever Plaintiff was paid shift differential wages or other non-"regular time" wages, Plaintiff was not furnished wage statements that itemize and show the total hours worked. Instead, the "gross hours" shown on the wage statement itemize an inaccurate number of hours. Moreover, when the hours shown on the wage statements are added up, the sum also does not equal the total hours worked. Plaintiff thus is a victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived her of the rights guaranteed by the Labor Code.

8. Plaintiff is informed and believes that Defendant, Starbucks Corporation, was and is a Washington corporation. Plaintiff is informed and believes that at all times herein mentioned named defendants and Does 1 through 50, were and are corporations, business entities, individuals, or partnerships that are and were either licensed to do business or actually doing business in the State of

California. Based upon all the facts and circumstances incident to Defendants' business, Defendants are subject to Section 226.

9. Plaintiff does not know the true names or capacities of the defendants sued herein as Does 1 through 50, whether individual, partner, or corporate, and for that reason, said defendants are sued under such fictitious names. Plaintiff prays for leave to amend this Complaint when the true names and capacities are known. Plaintiff is informed and believes that each of said fictitious defendants was responsible in some way for the matters alleged herein and proximately caused the illegal employment practices, wrongs, and injuries complained of herein.

10. At all times herein mentioned, each of said Defendants participated in the doing of the acts alleged herein. Defendants, and each of them, were the agents, servants, or employees of each of the other Defendants, as well as the agents of all Defendants, and were acting within the course and scope of said agency and employment.

11. Plaintiff is informed and believes that at all times material hereto, each of said Defendants was the agent, employee, alter ego, or joint venturer of, or was working in concert with, each of the other Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, or omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, or omissions of the acting Defendants.

12. Plaintiff is informed and believes that at all times material hereto each of the Defendants (i) aided and abetted the acts and omissions of each of the other Defendants in proximately causing the alleged harms, or (ii) were members of, engaged in, and acting within the course and scope of, and in pursuance of, a joint venture, partnership, or common enterprise.

## PAGA ALLEGATIONS

13. Pursuant to PAGA, Plaintiff sues as a proxy for the State of California. Plaintiff seeks penalties for Defendants' violations of Section 226, committed since September 30, 2019, against all aggrieved employees. As stated herein, Defendants fail to provide accurate itemized wage statements. Under Section 2699(c), Plaintiff is an "aggrieved employee," as one or more of the alleged violations was committed against Plaintiff as an employee of Defendants.

14. On or about January 29, 2021, Plaintiff sent written notice to the Labor & Workforce Development Agency ("LWDA") of specific Labor Code provisions violated, including facts and theories for Defendants' violations of Section 226. Plaintiff simultaneously sent written notice to Defendants via certified mail. As of the date of the filing of this Complaint, the LWDA has neither responded nor indicated that it intends to investigate the allegations in the written notice.

15. As such, Plaintiff seeks recovery of all applicable penalties pursuant to Section 2699(a), (f), and (g), for Defendants' violations against all aggrieved employees for the period described above.

## FIRST CAUSE OF ACTION

### Inaccurate Itemized Wage Statements (Lab. Code § 226(a))

### (By Plaintiff as an Individual Against All Defendants)

16. The preceding paragraphs are re-alleged and incorporated by this reference.

17. Section 226(a) requires an employer to furnish to its employees itemized wage statements that show accurate information, including without limitation, the name of the legal entity that is the employer and the total hours worked.

18. As a matter of policy and practice, Defendants fail to provide accurate itemized wage statements to Plaintiff. First, Defendants fail to furnish Plaintiff with wage statements that itemize and show the name of the legal entity that is the employer. Instead, the wage statements show an address only, without the name of a legal entity. Second, whenever shift differential wages or other non-"regular time" wages are paid to Plaintiff, Defendants furnish wage statements that fail to itemize and show the total hours worked. Instead, the "gross hours" shown on the wage statements itemize an inaccurate number of hours. Moreover, when the hours shown on the wage statements are added up, the sum also does not equal the total hours worked.

19. Such a pattern, practice, and uniform administration of corporate policy is unlawful and entitles Plaintiff to recover applicable penalties, attorneys' fees, and costs of suit.

## SECOND CAUSE OF ACTION

### Penalties for Labor Code Violations (Lab. Code §§ 2698 Et Seq.)

### (By Plaintiff as a Private Attorney General Against All Defendants)

20. The preceding paragraphs are re-alleged and incorporated by this reference.

21. As a matter of policy and practice, Defendants fail to provide accurate itemized wage statements to Plaintiff and aggrieved employees. First, Defendants fail to furnish Plaintiff and other employees with wage statements that itemize and show the name of the legal entity that is the employer. Instead, the wage statements show an address only, without the name of a legal entity. Second, whenever shift differential wages or other non-"regular time" wages are paid to Plaintiff and other non-exempt employees, Defendants furnish wage statements that fail to itemize and show the total hours worked. Instead, the "gross hours" shown on the wage statements itemize an inaccurate number of hours. Moreover, when the hours shown on the wage statements are added up, the sum also does not equal the total hours worked.

22. Such a pattern, practice, and uniform administration of corporate policy is unlawful and entitles Plaintiff to recover applicable penalties, attorneys' fees, and costs of suit.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment for herself and as a proxy for the State against Defendants, jointly and severally, as follows:

1. Upon the First Cause of Action for penalties according to proof, and for costs and attorneys' fees, pursuant to Section 226;

2. Upon the Second Cause of Action for penalties according to proof, and for costs and attorneys' fees, pursuant to Section 2699;

3. Upon each cause of action for attorneys' fees and costs as provided by Section 226, Section 2699, and Code of Civil Procedure section 1021.5; and

4. For such other and further relief that the Court may deem just and proper.

DATED: April 5, 2022                          DIVERSITY LAW GROUP, P.C.

By: _/s/ Simon L. Yang_
Larry W. Lee
Simon L. Yang
Attorneys for Plaintiff